1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

| EVELYN HERNANDEZ, KENITA HEARNE, SELENA FLORES, BRIANNA CLARK, and ALIZ HOLLY, each individually and on behalf of all others similarly situated, | No. |
|---|---|
| | **CLASS ACTION COMPLAINT** |
| *Plaintiffs*, | **JURY DEMAND** |
| v. | |
| FASHION NOVA, LLC, | |
| *Defendant.* | |

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

# Table of Contents

I.     Introduction. ...................................................................................................1

II.    Parties. ...........................................................................................................2

III.   Jurisdiction and Venue. .................................................................................3

IV.    Facts. .............................................................................................................3

    A.    Defendant's fake sales and discounts. .................................................3

    B.    Defendant's misleading sales harm consumers. ...................................7

    C.    Fashion Nova knows that it should not mislead customers. ..................7

    D.    Plaintiffs were misled by Defendant's misrepresentations. ..................8

    E.    Defendant breached its contract. ........................................................10

    F.    No adequate remedy at law. ...............................................................11

V.     Class Action Allegations. .............................................................................11

VI.    Claims. .........................................................................................................13

    Count 1: Violation of California's False Advertising Law (FAL)...................13

    Count 2: Violation of California's Consumers Legal Remedies Act (CLRA) ..........14

    Count 3: Violation of California's Unfair Competition Law (UCL)................16

    Count 4: Violation of the Washington Consumer Protection Act (WCPA)............18

    Count 5: Violation of the Oregon Unlawful Trade Practices Act (UTPA)............20

    Count 6: Breach of Contract .......................................................................25

    Count 7: Breach of Express Warranty .........................................................26

    Count 8: Breach of Implied Warranty ..........................................................27

    Count 9: Quasi-Contract/Unjust Enrichment ...............................................27

    Count 10: Negligent Misrepresentation .......................................................28

    Count 11: Intentional Misrepresentation ......................................................29

VII.   Jury Trial Demand. ......................................................................................30

VIII.  Relief. ..........................................................................................................30

CLASS ACTION COMPLAINT
Case No. 2:25-cv-00589

i

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## I.      Introduction.

1.      Advertised "sale" prices are important to consumers.  Consumers are more likely to purchase an item if they know that they are getting a good deal.  Further, if consumers think that a sale will end soon, they are likely to buy now, rather than wait, comparison shop, and buy something else.

2.      While there is nothing wrong with a legitimate sale, a fake one—that is, one with made-up regular prices, made-up discounts, and made-up expirations—is deceptive and illegal.

3.      Defendant Fashion Nova makes, sells, and markets clothing and accessory products (the "Fashion Nova Products" or "Products").  The Products are sold nationwide through Defendant's website, FashionNova.com.

4.      Fashion Nova's website prominently advertises sales.  These advertisements include purported regular prices, purported discounts, and often countdown timers that purportedly show when the sales end.  For example:

Sale advertisement:



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

Purported regular prices and associated discounts:

| | |
|---|---|
| Good Vibes Worldwide Top - Pink<br>**$13.99** ~~$19.99~~<br>Up to 80% Off Sitewide! Prices As Marked | Hennything Is Possible Short Sleeve Crew Tee - Black<br>**$8.99** ~~$19.99~~<br>Up to 80% Off Sitewide! Prices As Marked |

Clock counting down until the sale ends:

Don't Miss The Countdown Event! Up To 80% Off EVERYTHING!    **12**h : **57**m : **36**s

6.      These advertisements are false and misleading.  The sales are not limited in time, and the discounts continue to be available.  The strikethrough prices do not actually represent the regular prices that most consumers are paying.  The regular price is actually the purported discounted price.

7.      Plaintiffs bought purportedly discounted clothing Products from the Fashion Nova website and were deceived by Fashion Nova's misleading sales.  This caused Plaintiffs to buy Products they would not otherwise have bought and to overpay for the Products.

8.      Plaintiffs bring this case for themselves and other customers nationwide who purchased deceptively advertised Fashion Nova Products.

**II.    Parties.**

9.      Plaintiff Hernandez is domiciled in Vancouver, Washington.

10.     Plaintiff Clark is domiciled in Bakersfield, California

11.     Plaintiff Flores is domiciled in Vancouver, Washington

12.     Plaintiff Hearne is domiciled in Oakland, California.

13.     Plaintiff Holly is domiciled in Happy Valley, Oregon.

14.     The proposed class includes consumers domiciled nationwide, in each state.

15.     Defendant Fashion Nova, LLC is a California limited liability company, organized in California, with its principal office or place of business at either 2801 E. 46th Street, Vernon, California 90058 (its older headquarters) or 407 N Maple Dr., Beverly Hills, California 90210 (its recently-announced new headquarters).  Under the Class Action Fairness Act, Fashion Nova is a California Citizen.  *See* 28 U.S.C. § 1332(d)(10) ("an unincorporated association shall be deemed to

be a citizen of the State where it has its principal place of business and the State under whose laws it is organized").

## III.    Jurisdiction and Venue.

16.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

17.    The Court has personal jurisdiction because Defendant sold Fashion Nova Products to consumers in Washington, including to Plaintiffs Flores and Hernandez.

18.    Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of Defendant's conduct giving rise to the claims occurred in this District, and under 28 U.S.C. § 1391(b)(1) and (c)(2) because, for venue purposes, Defendant resides in this District.

## IV.    Facts.

### A.    Defendant's fake sales and discounts.

19.    Defendant makes, sells, and markets clothing and accessories. Fashion Nova sells its Products directly to consumers online, through its website FashionNova.com.

20.    Defendant's website creates an illusion that customers are receiving a limited-time discount. Fashion Nova does this by advertising fake sales, fake regular prices, and fake discounts based on the fake regular prices. For example:

CLASS ACTION COMPLAINT
Case No. 2:25-cv-00589

3

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1
2
3
4
5
6
7
8
9



10
*Captured October 20, 2022*

11      21.      Fashion Nova's Products are always on sale on its website, and these sales persist.

12 For example, Fashion Nova has prominently displayed, for over a year on its website, sales that are

13 designed to induce consumers to purchase its Products under the mistaken belief they are getting a

14 significant bargain.  For example:

15
16
17
18
19
20
21
22



23
Captured January 18, 2022

24
25
26
27

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066



Captured March 9, 2022



Captured August 18, 2022



Captured December 1, 2022

CLASS ACTION COMPLAINT
Case No. 2:25-cv-00589

5

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

22.     Defendant's website lists fake regular prices (that is, prices reflecting the list price or value of an item) and fake discounts.

23.     For example, on October 12, 2022, Defendant advertised "30-80% Off Sitewide!" for its Products.  On this day, Defendant offered its "Weekend Sherpa Denim Jacket – Light Wash," which has a purported regular price of $69.99:



24.     But the truth is, the Weekend Sherpa Denim Jacket – Light Wash's listed regular price of $69.99 is not its prevailing price.  Instead, it is always at a discount from the purported regular price (e.g., on October 12, 2022, it was on sale for $48.99; on March 14, 2023, it was on sale for $28.98).

25.     Defendant offered similar deceptive sales for the Products bought by Plaintiffs and Class members.

26.     By listing fake regular prices and fake discounts, Defendant misleads consumers into believing that they are getting a good deal and makes consumers overpay for the Products.

**B.    Defendant's misleading sales harm consumers.**

27.    Based on Defendant's advertisements, reasonable consumers would expect that the listed regular prices are the prevailing prices at which Defendant actually sells its Products (the price most consumers pay).

28.    Reasonable consumers would also expect that, if they purchase during the sale, they will receive the advertised discount from the regular purchase price.

29.    In addition, consumers are more likely to buy the product if they believe that the product is on sale and that they are getting a substantial discount and will pay more for a product if they believe they are getting a good deal.

30.    Consumers that are presented with discounts are substantially more likely to make the purchase.  "Nearly two-thirds of consumers surveyed admitted that a promotion or a coupon often closes the deal, if they are wavering or are undecided on making a purchase."[1]  And, "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[2]

31.    Similarly, when consumers believe that an offer is expiring soon, the sense of urgency makes them more likely to buy a product.[3]

32.    Thus, Defendant's advertisements harm consumers by inducing them to make purchases based on false information and by inducing consumers to overpay.

**C.    Fashion Nova knows that it should not mislead customers.**

33.    Fashion Nova is aware that the representations that it makes to consumers must be truthful.  In 2020, the FTC charged Fashion Nova with violations of the Mail, Internet, or

---

[1] https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/.
[2] RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (prnewswire.com).
[3] https://cxl.com/blog/creating-urgency/ (addition of a countdown timer increased conversion rates from 3.4%-10%); Dynamic email content leads to 400% increase in conversions for Black Friday email | Adestra (uplandsoftware.com) (400% higher conversation rate for ad with countdown timer).

CLASS ACTION COMPLAINT
Case No. 2:25-cv-00589

7

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1  Telephone Order Merchandise Rule when it failed to ship purchased items in a timely manner for

2  years and illegally issued gift cards in place of refunds.  The company made clear promises to

3  consumers for years that they offer fast shipping of their products, but regularly failed to meet its

4  shipping promises to consumers, and failed to meet the Mail Order Rule's requirement that

5  consumers be notified of shipping delays and given the chance to cancel orders and receive prompt

6  refunds.[4]  Fashion Nova was fined for these misleading practices.[5]

7        34.    Again, in 2022, Fashion Nova was investigated by the FTC for blocking negative

8  reviews of its products on its website.[6]  Fashion Nova deceived customers by suppressing reviews

9  with ratings lower than four stars out of five.  Fashion Nova was ultimately also fined for this

10  practice.[7]

11        35.    Despite these charges, Fashion Nova has continued its practice of making misleading

12  representations about its products and prices.

13        **D.    Plaintiffs were misled by Defendant's misrepresentations.**

14        36.    Prior to March 29, 2024, Ms. Hernandez bought clothing from the fashionova.com

15  website while living in Vancouver, Washington. For example, she bought such clothing in October

16  and November of 2022, as well as January and March of 2023.  When she purchased the products,

17  she saw and relied on the representations on the Fashion Nova website that she was receiving

18  products with a particular value and/or market price and that she was receiving a price reduction.

19  She would not have purchased the products if she knew that the Fashion Nova products were not

20  discounted as advertised, and that she was not receiving products with the advertised value and/or

21  market price and was not receiving the advertised discount.

22

23  [4] https://www.ftc.gov/news-events/news/press-releases/2020/04/fashion-nova-will-pay-93-million-consumer-refunds-settle-ftc-charges-it-violated-rules-shipping

24  [5] https://www.ftc.gov/news-events/news/press-releases/2020/04/fashion-nova-will-pay-93-million-consumer-refunds-settle-ftc-charges-it-violated-rules-shipping

25  [6] https://www.ftc.gov/news-events/news/press-releases/2022/01/fashion-nova-will-pay-42-million-part-settlement-ftc-allegations-it-blocked-negative-reviews

26  [7] https://www.ftc.gov/news-events/news/press-releases/2022/01/fashion-nova-will-pay-42-million-part-settlement-ftc-allegations-it-blocked-negative-reviews

27

CLASS ACTION COMPLAINT
Case No. 2:25-cv-00589                    8

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

37.     Prior to March 29, 2024, Ms. Flores bought clothing from the fashionova.com website while living in Vancouver, Washington.  For example, she purchased such clothing in November of 2023, as well as January and February of 2024.  When she purchased the products, she saw and relied on the representations on the Fashion Nova website that she was receiving products with a particular value and/or market price and that she was receiving a price reduction.  She would not have purchased the products if she knew that the Fashion Nova products were not discounted as advertised, and that she was not receiving products with the advertised value and/or market price and was not receiving the advertised discount.

38.     Prior to March 29, 2024, Ms. Hearne bought clothing from the fashionova.com website while living in Oakland, California.  For example, in January of 2022, as well as November and December of 2023, Ms. Hearne bought clothing from the fashionova.com website.  When she purchased the products from your website, she saw and relied on the representations on the website that she was receiving a product with a particular value and/or market price and that she was receiving a price reduction.  She would not have purchased the product if she knew that Fashion Nova products were not discounted as advertised, and that she was not receiving a product with the advertised value and/or market price and was not receiving the advertised discount.

39.     Prior to March 29, 2024, Ms. Clark bought clothing from the fashionova.com website while living in Bakersfield, California.  For example, Ms. Clark bought such clothing in December of 2023 and January of 2024.  When she purchased the products from your website, she saw and relied on the representations on the website that she was receiving a product with a particular value and/or market price and that she was receiving a price reduction.  She would not have purchased the product if she knew that Fashion Nova products were not discounted as advertised, and that she was not receiving a product with the advertised value and/or market price and was not receiving the advertised discount.

40.     Prior to March 29, 2024, Ms. Holly bought clothing from the fashionova.com website while living in Happy Valley, Oregon.  For example, she bought such clothing in November of 2022, November of 2023, and February and March 2024.  When she purchased the products, she

CLASS ACTION COMPLAINT
Case No. 2:25-cv-00589                                      9

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

saw and relied on the representations on the Fashion Nova website that she was receiving a product with a particular value and/or market price and that she was receiving a price reduction. She would not have purchased the product if she knew that the Fashion Nova products were not discounted as advertised, and that she was not receiving a product with the advertised value and/or market price and was not receiving the advertised discount.

41.     Plaintiffs all read and relied on the representations on the website that the Products had the published regular price, and that they were receiving the advertised discount as compared to the regular price. They would not have made the purchase if they had known that the Products were not discounted as advertised, and that they were not receiving the advertised discount. They also overpaid for the Products as a result of the misleading discount.

42.     Plaintiffs face an imminent threat of future harm. They like the Fashion Nova Products, and would purchase them again if they could feel sure that Defendant would not illegally deceive them with misleading sales. But without a court-ordered injunction requiring Defendant to advertise only honest sales, they cannot trust that Defendant will comply with the law and advertise honest sales and thus cannot purchase Fashion Nova products, though they would like to.

**E.     Defendant breached its contract.**

43.     When Plaintiffs purchased and paid for the Fashion Nova Product they bought as described above, they accepted the offer that Defendant made, and thus, a contract was formed at the time that they made the purchase. The offer was to provide a Product having a particular listed regular price, and to provide the discount advertised on the website.

44.     Plaintiffs and Fashion Nova entered a contract.

45.     The market value of the Product Plaintiffs would receive, and the amount of the discount that they would be provided off the regular price of the item, were specific and material terms of the contract.

46.     Defendant breached its contracts by failing to provide Plaintiffs with a Product with a market value equal to the regular price displayed on its website, and by failing to provide the discount promised.

**F.      No adequate remedy at law.**

47.      Plaintiffs seek damages and, in the alternative, restitution.  Plaintiffs are permitted to seek equitable remedies in the alternative because they have no adequate remedy at law.  A legal remedy is not adequate if it is not as certain as an equitable remedy.  The elements of Plaintiffs' equitable claims are different and do not require the same showings as Plaintiffs' legal claims.  Plaintiffs' remedies at law are also not equally prompt or efficient as their equitable ones.  For example, the need to schedule a jury trial may result in delay.  And a jury trial will take longer, and be more expensive, than a bench trial.

**V.      Class Action Allegations.**

48.      Plaintiffs bring the asserted claims on behalf of the proposed Class and Subclasses:

- <u>Nationwide Class</u>.  All persons nationwide, who, before March 29, 2024 and within the applicable statute of limitations (subject to any applicable tolling), purchased one or more Fashion Nova Products advertised at a discount on Defendant's website (the "Class").  The Class products are limited to those Products purchased before March 29, 2024.

- <u>Washington Subclass</u>.  All such persons who resided in Washington when they made their purchases.

- <u>California Subclass</u>.  All such persons who resided in California when they made their purchases.

- <u>Oregon Subclass</u>.  All such persons who resided in Oregon when they made their purchases.

49.      The following people are excluded from the proposed Class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5)

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1   Plaintiffs' counsel and Defendant's counsel, and their experts and consultants; and (6) the legal

2   representatives, successors, and assigns of any such excluded persons.

3       *Numerosity & Ascertainability*

4       50.    The proposed Class contains members so numerous that separate joinder of each

5   member of the Class is impractical.  There are at least hundreds of thousands of Class members.

6   The same is true of each Subclass.

7       51.    Class and Subclass members can be identified through Defendant's sales records and

8   public notice.

9       *Predominance of Common Questions*

10      52.    There are questions of law and fact common to the proposed Class and Subclasses.

11  Common questions of law and fact include, without limitation:

12      (1) whether Defendant made false or misleading statements of fact in its advertisements;

13      (2) whether Defendant committed a breach of contract;

14      (3) whether Defendant committed a breach of an express or implied warranty;

15      (4) damages needed to reasonably compensate Plaintiffs and the proposed Class and

16      Subclasses.

17      *Typicality & Adequacy*

18      53.    Plaintiffs' claims are typical of the proposed Class and Subclasses.  Like the proposed

19  Class and Subclasses, Plaintiffs purchased the Fashion Nova Products advertised at a discount on

20  Defendant's website.  There are no conflicts of interest between Plaintiffs and the Class or

21  Subclasses.

22      *Superiority*

23      54.    A class action is superior to all other available methods for the fair and efficient

24  adjudication of this litigation because individual litigation of each claim is impractical.  It would be

25  unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits,

26  every one of which would present the issues presented in this lawsuit.

27

VI.    **Claims.**

<u>**Count 1: Violation of California's False Advertising Law (FAL)**</u>

**(By Plaintiffs and the Nationwide Class, or in the alternative the California Subclass)**

55.    Plaintiffs incorporate each and every factual allegation set forth above.

56.    Plaintiffs bring this cause of action for themselves and the Nationwide Class. In the alternative, the California Plaintiffs (Plaintiffs Hearne and Clark) bring this cause of action on behalf of the California Subclass.

57.    Defendant has violated sections 17500 and 17501 of the California Business and Professions Code.

58.    Defendant has violated, and continues to violate, section 17500 of the Business and Professions Code by disseminating untrue and misleading advertisements to Plaintiffs and Class Members.

59.    As alleged more fully above, Defendant advertises former prices along with discounts.  Defendant does this, for example, by crossing out a higher price (e.g., $~~24.99~~) and displaying a discount price next to the "regular" price.  Defendant also does this by displaying regular prices (e.g. $24.99) alongside discounts, using words and phrases such as "Discount," "Discount Code," or a percentage discount such as "40% Off Everything!"  Reasonable consumers would understand prices advertised in strikethrough font from which time-limited discounts are calculated to denote "former" prices, i.e., the prices that Defendant charged before the time-limited discount went into effect.

60.    The prices advertised by Defendant are not Defendant's regular prices.  In fact, those prices are never Defendant's regular prices (i.e., the price you usually have to pay to get the Product in question), because there is always a heavily-advertised promotion ongoing entitling consumers to a discount.  Moreover, for the same reasons, those prices were not the former prices of the Products.  Accordingly, Defendant's statements about the former prices of its Products, and its statements about its discounts from those former prices, were untrue and misleading.  In addition, Defendant's representations that the discounts are limited time, or only available for

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1    certain time periods, are false and misleading too.

2          61.     In addition, Defendant has violated, and continues to violate, section 17501 of the

3    Business and Professions Code by advertising former prices that were not the prevailing market

4    price within three months next immediately preceding the advertising.  As explained above,

5    Defendant's advertised regular prices, which reasonable consumers would understand to denote

6    former prices, were not the prevailing market prices for the Products within three months preceding

7    publication of the advertisement.  And Defendant's former price advertisements do not state clearly,

8    exactly, and conspicuously when, if ever, the former prices prevailed.  Defendant's advertisements

9    do not indicate whether or when the purported former prices were offered at all.

10          62.     Defendant's misrepresentations were intended to induce reliance, and Plaintiffs saw,

11    read, and reasonably relied on the statements when purchasing the Products.  Defendant's

12    misrepresentations were a substantial factor in Plaintiffs' purchase decisions.

13          63.     In addition, Classwide reliance can be inferred because Defendant's

14    misrepresentations were material, i.e., a reasonable consumer would consider them important in

15    deciding whether to buy the Products.

16          64.     Defendant's misrepresentations were a substantial factor and proximate cause in

17    causing damages and losses to Plaintiffs and the Class.

18          65.     Plaintiffs and the Class were injured as a direct and proximate result of Defendant's

19    conduct because (a) they would not have purchased the Products if they had known the truth,

20    and/or (b) they overpaid for the Products because the Products were sold at a price premium due to

21    the misrepresentation.

22          **Count 2: Violation of California's Consumers Legal Remedies Act (CLRA)**

23     **(By Plaintiffs and the Nationwide Class, or in the alternative the California Subclass)**

24          66.     Plaintiffs incorporate each and every factual allegation set forth above.

25          67.     Plaintiffs bring this cause of action on behalf of themselves and the Nationwide

26    Class.  In the alternative, California Plaintiffs bring this cause of action on behalf of the California

27    Subclass.

CLASS ACTION COMPLAINT
Case No. 2:25-cv-00589

14

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

68.    Plaintiffs and the Class are "consumers," as the term is defined by California Civil Code § 1761(d).

69.    Plaintiffs and the Class have engaged in "transactions" with Defendant as that term is defined by California Civil Code § 1761(e).

70.    The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

71.    As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in its advertisements to Plaintiffs and Class members. Defendant did this by using fake regular prices, i.e., regular prices that are not the prevailing prices, and by advertising fake discounts.

72.    Defendant violated, and continues to violate, section 1770 of the California Civil Code.

73.    Defendant violated, and continues to violate, section 1770(a)(5) of the California Civil Code by representing that Products offered for sale have characteristics or benefits that they do not have. Defendant represents that the value of its Products is greater than it actually is by advertising inflated regular prices and fake discounts for Products.

74.    Defendant violated, and continues to violate, section 1770(a)(9) of the California Civil Code. Defendant violates this by advertising its Products as being offered at a discount, when in fact Defendant does not intend to sell the Products at a discount.

75.    And Defendant violated, and continues to violate section 1770(a)(13) by making false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions on its website, including by (1) misrepresenting the regular price of Products on its website, (2) advertising discounts and savings that are exaggerated or nonexistent, (3) misrepresenting that the discounts and savings are unusually large, when in fact they are regularly available (4) misrepresenting that the sale is limited time or only available for a limited period.

76.     Defendant's representations were likely to deceive, and did deceive, Plaintiffs and reasonable consumers.  Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

77.     Defendant's misrepresentations were intended to induce reliance, and Plaintiffs saw, read, and reasonably relied on them when purchasing the Products.  Defendant's misrepresentations were a substantial factor in Plaintiffs' purchase decision.

78.     In addition, Classwide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

79.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiffs and the Class.

80.     Plaintiffs and the Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if they had known the discounts and/or regular prices were not real, (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation, and/or (c) they received products with market values lower than the promised market values.

81.     Under California Civil Code § 1780(a)(2), Plaintiffs seek injunctive relief and restitution on behalf of themselves and the Class.

82.     CLRA § 1782 NOTICE.  On March 18, 2025, Plaintiffs sent a CLRA demand letter to Defendant's California headquarters (both its older headquarters and more recently announced headquarters) via certified mail (return receipt requested), that provided notice of Defendant's violations of the CLRA and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here.  If Defendant does not fully correct the problem for Plaintiffs and for each member of the Class within 30 days, Plaintiffs and the Class will seek all monetary relief allowed under the CLRA.

## **Count 3: Violation of California's Unfair Competition Law (UCL)**

**(By Plaintiffs and the Nationwide Class, or in the alternative the California Subclass)**

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

83. Plaintiffs incorporate each and every factual allegation set forth above.

84. Plaintiffs bring this cause of action on behalf of themselves and the Nationwide Class. In the alternative, California Plaintiffs bring this claim for the California Subclass.

85. Defendant has violated California's Unfair Competition Law (UCL) by engaging in unlawful, fraudulent, and unfair conduct (i.e., violating each of the three prongs of the UCL).

*The Unlawful Prong*

86. Defendant engaged in unlawful conduct by violating the CLRA and FAL, as alleged above and incorporated here. In addition, Defendant engaged in unlawful conduct by violating the FTC regulations against misleading price comparisons. 16 C.F.R. § 233.1.

*The Deceptive Prong*

87. As alleged in detail above, Defendant's representations that its Products were on sale, that the sale was limited in time, that the Products had a specific regular price, and that the customers were receiving discounts were false and misleading to Plaintiffs and other reasonable consumers.

*The Unfair Prong*

88. As alleged in detail above, Defendant committed "unfair" acts by falsely advertising that its Products were on sale, that the sale was limited in time, that the Products had a specific regular price, and that the customers were receiving discounts.

89. Defendant violated established public policy by violating the CLRA and FAL, as alleged above and incorporated here. The unfairness of this practice is tethered to a legislatively declared policy (that of the CLRA and FAL).

90. The harm to Plaintiffs and the Class greatly outweighs the public utility of Defendant's conduct. There is no public utility to misrepresenting the price of a consumer product. This injury was not outweighed by any countervailing benefits to consumers or competition. Misleading consumer products only injure healthy competition and harm consumers.

91. Plaintiffs and the Class could not have reasonably avoided this injury. As alleged above, Defendant's representations were deceptive to reasonable consumers like Plaintiffs.

92.     Defendant's conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

* * *

93.     For all prongs, Defendant's representations were intended to induce reliance, and Plaintiffs saw, read, and reasonably relied on them when purchasing the Products.  Defendant's representations were a substantial factor in Plaintiffs' purchase decision.

94.     In addition, Classwide reliance can be inferred because Defendant's representations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

95.     Defendant's representations were a substantial factor and proximate cause in causing damages and losses to Plaintiffs and Class members.

96.     Plaintiffs and the Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if they had known that they were not discounted, and/or (b) they overpaid for the Products because the Products are sold at the regular price and not at a discount.

**Count 4: Violation of the Washington Consumer Protection Act (WCPA)**

**(By Washington Plaintiffs and the Washington Subclass)**

97.     Plaintiffs incorporate each and every factual allegation set forth above.

98.     The Washington Plaintiffs (Plaintiffs Flores and Hernandez) bring this cause of action on behalf of themselves and the Washington Subclass.

99.     Defendant has violated the Washington Consumer Protection Act (WCPA), RCW Chapter 19.86.

100.     Section 19.86.020 of the WCPA states, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  RCW §19.86.020.

101.     Under the WCPA, "Private rights of action may … be maintained for recovery of actual damages, costs, and a reasonable attorney's fee.  A private plaintiff may be eligible for treble

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

damages," and "may obtain injunctive relief, even if the injunction would not directly affect the individual's own rights." Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—Introduction) (internal citations omitted); RCW § 1986.090.

102.    Defendant engages in the conduct of trade or commerce within the meaning of the WCPA.  Defendant does this by selling clothing and accessory products in a manner that directly and indirectly affects people of the state of Washington.

103.    As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in its advertisements to Class members, constituting acts of unfair methods of competition and/or unfair or deceptive acts or practices.

104.    Defendant did this by advertising limited-time offers that were not actually limited in time, false regular prices, and false discounts regarding its Products.

105.    Defendant's representations were likely to deceive, and did deceive, Plaintiffs and reasonable consumers.  Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

106.    Defendant's misrepresentations were intended to induce reliance, and Plaintiffs saw, read, and reasonably relied on the statements when purchasing the Fashion Nova Products. Defendant's misrepresentations were a substantial factor in Plaintiffs' purchase decision.

107.    In addition, Classwide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Fashion Nova Products.

108.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiffs and the Subclass.

109.    Plaintiffs and the Subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Fashion Nova Products if they had known the truth, and/or (b) they overpaid for the Products because the Fashion Nova Products were sold at a price premium due to the misrepresentation.

110.    Defendant's acts or omissions are injurious to the public interest because these

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

practices were committed in the course of Defendant's business and were committed repeatedly before and after Plaintiffs purchased Defendant's Product. They are part of a pattern of unfair and deceptive advertisements. These actions have injured other persons, and, if continued, have the capacity to injure additional persons.

### Count 5: Violation of the Oregon Unlawful Trade Practices Act (UTPA)

### (By Plaintiff Holly and the Oregon Subclass)

111. Plaintiff incorporates each and every factual allegation set forth above.

112. Plaintiff Holly brings this cause of action on behalf of herself and members of the Oregon Subclass.

113. Defendant has violated the Oregon Unlawful Trade Practices Act (UTPA). O.R.S. §§ 646.605, et seq.

114. The UTPA prohibits unlawful business and trade practices. O.R.S. § 646.608. Under the UTPA, "[a] person engages in an unlawful practice if in the course of the person's business, vocation or occupation the person does any of the following:"

- "Represents that … goods … have … characteristics … that the … goods … do not have," O.R.S. § 646.608(e);

- "Advertises … goods … with intent not to provide the real estate, goods or services as advertised," O.R.S. § 646.608(i);

- "Makes false or misleading representations of fact concerning the reasons for, existence of, or amounts of price reductions," O.R.S. § 646.608(j);

- "Makes any false or misleading statement about a … promotion used to publicize a product," O.R.S. § 646.608(p);

- "Makes false or misleading representations of fact concerning the offering price of, or the person's cost for real estate, goods or services," O.R.S. § 646.608(s);

115. Defendant engages in the conduct of "trade" and "commerce" under the UTPA. Defendant does this by advertising, offering, and distributing, by sale, Fashion Nova Products in a manner that directly and indirectly affects people of the state of Oregon. O.R.S. § 646.605(8).

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1    Defendant's unlawful methods, acts and practices described above were committed in the course of

2    Defendant's business.  O.R.S. § 646.608(1).

3        116.    The Fashion Nova Products advertised, offered, and sold Defendant are "goods"

4    that are or may be obtained primarily for personal, family or household as defined by O.R.S. §

5    646.605(6).

6        117.    As alleged in detail above, Defendant makes "false or misleading representations of

7    fact concerning the reasons for, existence of, or amounts of price reductions."  O.R.S. § 646.608(j).

8    Defendant's advertised sales are not true price reductions, do not really provide the stated discount,

9    and are not really limited time.

10        118.    As alleged in detail above, Defendant also makes "false or misleading representations

11    of fact concerning the offering price of, or the person's cost for real estate, goods or services."

12    O.R.S. § 646.608(s).  Defendant's website purports to advertises its Products with regular list prices,

13    and discounted "sale" prices.  But Defendant's listed prices are not Defendant's true prices, former

14    prices, or prevailing market prices for those Products.  Likewise, the purported price reductions are

15    not true price reductions.

16        119.    As alleged in detail above, Defendant also "advertises … goods … with intent not to

17    provide the … goods … as advertised," O.R.S. § 646.608(i).  Defendant advertises Products at a sale

18    price, or discount, as compared to a regular list price.  But the purported discounts that Defendant

19    advertises are not the true discounts that the customer receives.  And Defendant's listed prices are

20    not Defendant's true prices, former prices, or prevailing market prices for those Products.

21        120.    As alleged in detail above, Defendant also represents that its goods have

22    characteristics that they do not have.  O.R.S. § 646.608(e).  Defendant represents that the value of its

23    Products is greater than it actually is by advertising fake discounts for the Products.

24        121.    As alleged in detail above, Defendant made false and misleading statements about

25    the promotions used to publicize its Products.  O.R.S. § 646.608(p).  As described above, Defendant

26    advertises Products at a sale price, or discount, as compared to the regular prices.  But the purported

27    discounts that Defendant advertises are not the true discounts that the customer receives.  In

1    addition, as described above, Defendant advertises limited-time discounts that are not in fact limited

2    in time.

3         122.    The UTPA also prohibits sellers from using misleading price comparisons to

4    advertise their products.  O.R.S. § 646.608(ee) (citing O.R.S. §§ 646.884 and 646.885).  The UTPA

5    expressly prohibits sellers from including "a price comparison in an advertisement unless" "[t]he

6    seller clearly and conspicuously identifies in the advertisement the origin of the price that the seller is

7    comparing to the seller's current price."  O.R.S. § 646.883.  Use of term "sale" is deemed to identify

8    "the origin of the price that the seller is comparing to the seller's current price as the seller's own

9    former price, or in the case of introductory advertisements, the seller's future price."  O.R.S.

10   § 646.885(1).  And, unless otherwise stated, use of the terms "discount," "_____ percent discount,"

11   "$_____ discount," "_____ percent off," and "$_____ off" are "considered to identify the origin of

12   the price that the seller is comparing to the seller's current price as the seller's former price, or in the

13   case of introductory advertisements, the seller's future price."  O.R.S. § 646.885(2).

14        123.    As alleged in detail above, Defendant uses misleading price comparisons.  For

15   example, Defendant uses strikethrough pricing without clearly and conspicuously identifying in the

16   advertisement the origin of the price that the seller is comparing to the current price.  Defendant's

17   strikethrough pricing does not contain any disclosures at all about the origin of the strikethrough

18   price.

19        124.    In addition, as alleged in detail above, Defendant uses the word "sale," "discount,"

20   and "___% Off," in its promotions, even when the Products are not offered at a discount as

21   compared to the seller's former price (or in the case of introductory products, a future price).

22   Defendant also makes no disclosure indicating that the price comparisons are to something other

23   than the former or future price.

24        125.    Defendant's use of list prices, sitewide sales, and advertised discounts are "price

25   comparisons" as defined by O.R.S. § 646.881(2).  These statements make a claim that the current

26   price is reduced as compared to a Product's typical or former price.

27        126.    Defendant's unlawful methods, acts and practices described above were "willful

CLASS ACTION COMPLAINT
Case No. 2:25-cv-00589
22
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1  violations" of O.R.S. § 646.608 because Defendant knew or should have known that its conduct was

2  a violation, as defined by O.R.S. § 646.605(10).

3      127.    Defendant, at all relevant times, had a duty to disclose that the discounts were not

4  real, that the sales persisted and were not limited in time, and that the regular prices were not the

5  true regular prices of the Products.  Defendant had a duty because (1) Defendant had exclusive

6  knowledge of material information that was not known to Plaintiff and the Class; (2) Defendant

7  concealed material information from Plaintiff and the Class; and (3) Defendant made partial

8  representations which were false and misleading absent the omitted information.

9      128.    Defendant's misrepresentations and nondisclosures deceive and have a tendency to

10  deceive a reasonable consumer and the general public.

11     129.    Defendant's misrepresentations and nondisclosures are material.  A reasonable

12  person would attach importance to the information and would be induced to act on the information

13  in making purchase decisions.

14     130.    Defendant engaged in the reckless or knowing use or employment of the unlawful

15  methods, acts or practices alleged here, which are unlawful under O.R.S. § 646.608.

16     131.    As a direct, substantial and/or proximate result of Defendant's conduct, Plaintiff and

17  Class members suffered ascertainable losses and injury to business or property.

18     132.    Plaintiff and Class members would not have purchased the Products at the prices

19  they paid, if they had known that the advertised prices and discounts were false.

20     133.    Plaintiff and Class members paid more than they otherwise would have paid for the

21  Products they purchased from Defendant.  Defendant's false pricing scheme fraudulently increased

22  demand from consumers.

23     134.    The Products that Plaintiff and Class members purchased were not, in fact, worth as

24  much as Defendant represented them to be worth.

25     135.    Plaintiff seeks, on behalf of herself and the Subclass: (1) the greater of statutory

26  damages of $200 or actual damages; (2) punitive damages; (3) appropriate equitable relief and/or

27  restitution; and (4) attorneys' fees and costs.  O.R.S. § 646.638(3); O.R.S. § 646.638(8).

136.    The unlawful acts and omissions described here are, and continue to be, part of a pattern or generalized course of conduct.  Defendant's conduct is ongoing and is likely to continue and recur absent a permanent injunction.  Accordingly, Plaintiff seeks an order enjoining Defendant from committing such unlawful practices.  O.R.S. § 646.638(1); O.R.S. § 646.638(8)(c); O.R.S. § 646.636.

137.    The balance of the equities favors the entry of permanent injunctive relief against Defendant.  Plaintiff, the Class members, and the general public will be irreparably harmed absent the entry of permanent injunctive relief against Defendant.  Plaintiff, the Class members, and the general public lack an adequate remedy at law.  A permanent injunction against Defendant is in the public's interest.  Defendant's unlawful behavior is ongoing as of the date of the filing of this Complaint.  If not enjoined by order of this Court, Defendant will or may continue to injure Plaintiff and Oregon consumers through the misconduct alleged.  Absent the entry of a permanent injunction, Defendant's unlawful behavior will not cease and, in the unlikely event that it voluntarily ceases, it is capable of repetition and is likely to reoccur.

138.    This action was brought "within one year after the discovery of the unlawful method, act or practice."  O.R.S. § 646.638.  Ms. Holly did not discover Defendant's violations until in or around June 2024.

139.    The applicable limitations period is expansive and extends back decades based on the "discovery" rule in the UTPA at O.R.S. § 646.638(6).

140.    Plaintiff and the Subclass members did not know, and could not have known, that these reference prices and discount representations were false.

141.    Absent class members of the subclass are still not aware, at the time of the filing of this Complaint, of Defendant's false discount advertising scheme.  By Defendant's design, the false advertising scheme by its very nature is hidden and difficult for the typical consumer to discover.  Consumers who shop on Defendant's website do not know the true historical prices or sales histories of the Products that they have viewed and purchased.  They do not know that the discounts offered are false, or that the false discounting practices extend to all of Defendant's

CLASS ACTION COMPLAINT
Case No. 2:25-cv-00589                                24

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

Products. Subclass members have not discovered, and could not have reasonably discovered, Defendant's fake discounting scheme.

142.    Absent class members will learn of the scheme for the very first time upon court-ordered class notice in this case.

## Count 6: Breach of Contract

### (By Plaintiffs and the Nationwide Class, or in the alternative the California, Washington, and Oregon Subclasses)

143.    Plaintiffs incorporate each and every factual allegation set forth above.

144.    Plaintiffs bring this cause of action on behalf of themselves and the Nationwide Class, under California law.

145.    In the alternative, Plaintiffs bring this cause of action on behalf of the California, Oregon, and Washington Subclasses, under the laws of each respective Subclass state.

146.    Plaintiffs and Class members entered into contracts with Fashion Nova when they placed orders to purchase Products on Defendant's website.

147.    The contracts provided that Plaintiffs and Class members would pay Fashion Nova for the Products ordered.

148.    The contracts further required that Fashion Nova provide Plaintiffs and Class members with Products that have a market value equal to the regular prices displayed on the website. They also required that Fashion Nova provide Plaintiffs and the Class members with the discounts advertised on the website. These were specific and material terms of the contracts.

149.    The specific discounts were a specific and material term of each contract, and were displayed to Plaintiffs and Class members at the time they placed their orders.

150.    Plaintiffs and Class members paid Fashion Nova for the Products they ordered, and satisfied all other conditions of their contracts.

151.    Fashion Nova breached the contracts with Plaintiffs and Class members by failing to provide Products that had a prevailing market value equal to the regular prices displayed on its website, and by failing to provide the promised discounts. Fashion Nova did not provide the

1  discounts that Fashion Nova had promised.

2  152. As a direct and proximate result of Defendant's breaches, Plaintiffs and Class

3  members were deprived of the benefit of their bargained-for exchange, and have suffered damages

4  in an amount to be established at trial.

5  153. Plaintiffs provided Defendant with notice of this breach, by mailing a notice letter to

6  Defendant's headquarters (both its older and more recent headquarters) and California registered

7  agent, on March 18, 2025.

8  **Count 7: Breach of Express Warranty**

9  **(By Plaintiffs and the Nationwide Class, or in the alternative the California, Washington,**

10  **and Oregon Subclasses)**

11  154. Plaintiffs incorporate each and every factual allegation set forth above.

12  155. Plaintiffs bring this cause of action on behalf of themselves and the Nationwide

13  Class, under California law.

14  156. In the alternative, Plaintiffs bring this cause of action on behalf of the California,

15  Oregon, and Washington Subclasses, under the laws of each respective Subclass state.

16  157. Defendant, as the marketer, distributor, and/or seller of the Fashion Nova Products,

17  issued material, written warranties by advertising that the Products had a prevailing market value

18  equal to the regular price displayed on Defendant's website. This was an affirmation of fact about

19  the Products (i.e., a representation about the market value) and a promise relating to the goods.

20  158. This warranty was part of the basis of the bargain and Plaintiffs and members of the

21  Class relied on this warranty.

22  159. In fact, the Fashion Nova Products' stated market value was not the prevailing

23  market value. Thus, the warranty was breached.

24  160. Plaintiffs provided Defendant with notice of this breach of warranty, by mailing a

25  notice letter to Defendant's headquarters (both its older and more recent headquarters) and

26  California registered agent, on March 18, 2025.

27  161. Plaintiffs and the Class were injured as a direct and proximate result of Defendant's

CLASS ACTION COMPLAINT
Case No. 2:25-cv-00589
26
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased Fashion Nova Products if they had known that the warranty was false, or (b) they overpaid for the Products because the Products were sold at a price premium due to the warranty.

### Count 8: Breach of Implied Warranty

**(By Plaintiffs and the Nationwide Class, or in the alternative the California, Washington, and Oregon Subclasses)**

162.    Plaintiffs incorporate each and every factual allegation set forth above.

163.    Plaintiffs bring this cause of action on behalf of themselves and the Nationwide Class, under California law.

164.    In the alternative, Plaintiffs bring this cause of action on behalf of the California, Oregon, and Washington Subclasses, under the laws of each respective Subclass state.

165.    As described in greater detail above, Defendant impliedly warranted that the Fashion Nova Products had a market value equal to the regular price displayed on Defendant's website.

166.    This warranty was part of the basis of the bargain and Plaintiffs and members of the Class relied on this warranty.

167.    In fact, the Fashion Nova Products did not have a market value equal to the regular price displayed.  Thus, the warranty was breached.

168.    Plaintiffs provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's headquarters (both its older and more recent headquarters) and California registered agent, on March 18, 2025.

169.    Plaintiffs and the Class were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased Fashion Nova Products if they had known the truth, or (b) they overpaid for the Products because the Products were sold at a price premium due to the warranty.

### Count 9: Quasi-Contract/Unjust Enrichment

**(By Plaintiffs and the Nationwide Class, or in the alternative the California, Washington, and Oregon Subclasses)**

CLASS ACTION COMPLAINT
Case No. 2:25-cv-00589

27

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1      170.    Plaintiffs incorporate each and every factual allegation set forth above.

2      171.    Plaintiffs bring this cause of action on behalf of themselves and the Nationwide

3   Class, under California law.

4      172.    In the alternative, Plaintiffs bring this cause of action on behalf of the California,

5   Oregon, and Washington Subclasses, under the laws of each respective Subclass state.

6      173.    As alleged in detail above, Defendant's false and misleading advertising caused

7   Plaintiffs and the Class to purchase Fashion Nova Products and to pay a price premium for these

8   Products.

9      174.    In this way, Defendant received a direct and unjust benefit, at Plaintiffs' expense.

10     175.    Plaintiffs and the Class seek restitution.

**Count 10: Negligent Misrepresentation**

**(By Plaintiffs and the Nationwide Class, or in the alternative the California, Washington, and Oregon Subclasses)**

14     176.    Plaintiffs incorporate each and every factual allegation set forth above.

15     177.    Plaintiffs bring this cause of action on behalf of themselves and the Nationwide

16   Class, under California law.

17     178.    In the alternative, Plaintiffs bring this cause of action on behalf of the California,

18   Oregon, and Washington Subclasses, under the laws of each respective Subclass state.

19     179.    As alleged more fully above, Defendant made false representations and material

20   omissions of fact to Plaintiffs and Class members concerning the existence and/or nature of the

21   discounts and savings advertised on its website.

22     180.    These representations were false.

23     181.    When Defendant made these misrepresentations, it knew or should have known that

24   they were false.  Defendant had no reasonable grounds for believing that these representations were

25   true when made.

26     182.    Defendant intended that Plaintiffs and Class members rely on these representations

27   and Plaintiffs and Class members read and reasonably relied on them.

CLASS ACTION COMPLAINT
Case No. 2:25-cv-00589

28

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

183.    In addition, Class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Fashion Nova Products.

184.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiffs and Class members.

185.    Plaintiffs and Class members were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Fashion Nova Products if they had known that the representations were false, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

## **Count 11: Intentional Misrepresentation**

**(By Plaintiffs and the Nationwide Class, or in the alternative the California, Washington, and Oregon Subclasses)**

186.    Plaintiffs incorporate each and every factual allegation set forth above.

187.    Plaintiffs bring this cause of action on behalf of themselves and the Nationwide Class, under California law.

188.    In the alternative, Plaintiffs bring this cause of action on behalf of the California, Oregon, and Washington Subclasses, under the laws of each respective Subclass state.

189.    As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiffs and Class members concerning the existence and/or nature of the discounts and savings advertised on its website.

190.    These representations were false.

191.    When Defendant made these misrepresentations, it knew that they were false at the time that it made them and/or acted recklessly in making the misrepresentations.

192.    Defendant intended that Plaintiffs and Class members rely on these representations and Plaintiffs and Class members read and reasonably relied on them.

193.    In addition, Class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in

deciding whether to buy the Fashion Nova Products.

194.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiffs and Class members.

195.    Plaintiffs and Class members were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Fashion Nova Products if they had known that the representations were false, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

## VII.    Jury Trial Demand.

196.    Plaintiffs demand the right to a jury trial on all claims so triable.

## VIII.    Relief.

197.    Plaintiffs seek the following relief for themselves and the Class (and Subclasses):

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiffs and the proposed Class;
- Damages, treble damages, statutory damages, and punitive damages where applicable;
- Recission;
- Restitution;
- Disgorgement, and other just equitable relief;
- Pre- and post-judgment interest;
- An injunction prohibiting Defendant's deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

CLASS ACTION COMPLAINT
Case No. 2:25-cv-00589

30

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

Dated:  April 2, 2025

Respectfully submitted,


By: */s/ Jonas Jacobson*
Jonas Jacobson (WSBA No. 62890)
jonas@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069


*Counsel for Plaintiffs*

CLASS ACTION COMPLAINT
Case No. 2:25-cv-00589

31

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1  Christin Cho (Cal. Bar No. 238173)
2  christin@dovel.com
   Simon Franzini (Cal. Bar No. 287631)
3  simon@dovel.com
   Jonas Jacobson (Cal. Bar No. 269912)
4  jonas@dovel.com
5  DOVEL & LUNER, LLP
   201 Santa Monica Blvd., Suite 600
6  Santa Monica, California 90401
   Telephone: (310) 656-7066
7  Facsimile: (310) 656-7069
8
   *Attorneys for Plaintiff*
9

10              **UNITED STATES DISTRICT COURT**
                **WESTERN DISTRICT OF WASHINGTON**
11

12
   EVELYN HERNANDEZ, KENITA              Case No.
13 HEARNE, SELENA FLORES, BRIANNA
   CLARK, and ALIZ HOLLY, each individually **CLRA VENUE DECLARATION**
14 and on behalf of all others similarly
   situated,
15
           *Plaintiff*,
16
   v.
17
   FASHION NOVA, LLC,
18
           *Defendant.*
19

20

21

22

23

24

25

26

27

28

   CLRA Venue Declaration                              Case No.

I, Evelyn Hernandez, declare as follows:

    1.    I am a named Plaintiff in this action.

    2.    I bought clothing from Fashion Nova's website while living in Vancouver, Washington.  For example, I bought such clothing in October and November of 2022, as well as January and March of 2023.

    3.    I understand that this is therefore a proper place to bring my California Consumer Legal Remedies Act claim.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Signature: _____

                         Evelyn Hernandez

Dated:    3/26/2025

1  Christin Cho (Cal. Bar No. 238173)
2  christin@dovel.com
   Simon Franzini (Cal. Bar No. 287631)
3  simon@dovel.com
   Jonas Jacobson (Cal. Bar No. 269912)
4  jonas@dovel.com
5  DOVEL & LUNER, LLP
   201 Santa Monica Blvd., Suite 600
6  Santa Monica, California 90401
   Telephone: (310) 656-7066
7  Facsimile: (310) 656-7069

8  *Attorneys for Plaintiff*

9

10                    **UNITED STATES DISTRICT COURT**
                      **WESTERN DISTRICT OF WASHINGTON**
11

12
   EVELYN HERNANDEZ, KENITA              Case No.
13 HEARNE, SELENA FLORES, BRIANNA
   CLARK, and ALIZ HOLLY, each individually   **CLRA VENUE DECLARATION**
14 and on behalf of all others similarly
15 situated,

16          *Plaintiff*,

17 v.

18 FASHION NOVA, LLC,

19
            *Defendant*.
20

21

22

23

24

25

26

27

28

   CLRA Venue Declaration                              Case No.

1    I, Selena Flores, declare as follows:

2         1.     I am a named Plaintiff in this action.

3         2.     I bought clothing from the Fashion Nova website while living in Vancouver,

4    Washington.  For example, I purchased such clothing in November of 2023, as well as

5    January and February of 2024.

6         3.     I understand that this is therefore a proper place to bring my California Consumer

7    Legal Remedies Act claim.

8

9    I declare under penalty of perjury under the laws of the United States that the foregoing is true and

10   correct to the best of my knowledge.

11

12   Signature: _____

13            Selena Flores

14   Dated:  3/26/2025

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLRA Venue Declaration             1             Case No.